```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION

BRENT E. CRUMMEY,              §
                               §
     Plaintiff,                §
                               §
vs.                            §   Civil Action No. H-07-1685
                               §
THOMAS PETREK, et al.,         §
                               §
                               §
     Defendants.               §
```

### ORDER

Plaintiff seeks leave to amend his Original Complaint (1) to add two claims of defamation, (2) to add a claim for a refund of monies paid on the tax debt, (3) to make a more definite statement of existing claims and (4) to request the court to take judicial notice of certain laws and facts of a public nature.  See Plaintiff's Motion for Leave to Amend (Docket Entry No. 24).

Although Plaintiff's motion for leave to amend is within the time limits specified in the Scheduling Order, leave to amend is not automatic.  Little v. Liquid Air Corp., 952 F.2d 841, 845-46 (5th Cir. 1992).  Defendant Klein Independent School District ("KISD") opposes the motion on the ground that the amendments would be futile.  See Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co., 195 F.3d 765, 771 (5th Cir. 1999).

Plaintiff seeks to add two defamation claims based on KISD's alleged publication on its website and to Plaintiff's mortgage lender that Plaintiff was in arrears on his taxes for 2006.  KISD argues that addition of these defamation claims would be futile

because they are barred by sovereign immunity and fall outside the coverage of the Texas Tort Claims Act, Texas Civil Practice & Remedies Code § 101.57.  The court agrees.  In <u>Hill v. Fort Bend Indep. Sch. Dist.</u>, 275 F.3d 42, 43 (5th Cir. 2001), the court upheld the dismissal of defamation claims, finding that an independent school district is an agency of the state and, while exercising governmental functions, may not be sued in tort because of sovereign immunity.  Plaintiff's motion for leave to add the defamation claims is **DENIED**.

Plaintiff also seeks to add a claim for refund of his tax debt and interest that was paid by him after his lender demanded that he do so.  Plaintiff claims that this was a "second payment" of the debt and therefore improper.  Defendant argues that this claim is groundless because Plaintiff only paid the debt once; his first attempt to pay the debt with gold coins failed when Plaintiff retrieved the coins after learning that Defendant would only credit the face value of the coins towards the debt.  The court agrees that the undisputed facts appear to be that Plaintiff only paid the debt once and, to that extent, Plaintiff's motion for leave to amend is **DENIED**.

The court will consider, as an item of damage related to his existing causes of action should he prevail, interest on the debt that accrued between the time he attempted to pay the debt with the gold coins and the time he actually paid the debt by other means.

Plaintiff's request for leave to amend in order to request that the court take judicial notice of certain laws and facts of a public nature is **DENIED**.  Those matters that are properly subject to judicial notice do not have to be contained in a complaint.

As the court has not requested that Plaintiff make a more definite statement of his claims, his final reason for amendment is not necessary at this time.

For the reasons discussed above, Plaintiff's Motion for Leave to Amend is **DENIED**.  The Plaintiff's Original Complaint remains the live pleading in this action, subject to the court's allowing him to plead accrued interest as an additional item of damages.

**SIGNED** this 10th day of September, 2007.

Nancy K. Johnson
United States Magistrate Judge